**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 96-104 |
| BOBBIE LONDON, JR. | SECTION "B" |

**ORDER AND REASONS**

Before the Court is Bobbie London, Jr.'s "Motion to Correct Sentence under 28 U.S.C. § 2255 Pursuant to *Johnson*." Rec. Doc. 98. The Government timely filed a response memorandum. Rec. Doc. 114. Bobbie London, Jr. then filed a reply memorandum. Rec. Doc. 115. For the reasons discussed below,

**IT IS ORDERED** that the motion to correct sentence (Rec. Doc. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that the "Joint Proposed Briefing Schedule for the Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 Pursuant to *Johnson*" (Rec. Doc. 97), filed before this action was stayed pending the outcome in *Beckles*, is **DISMISSED AS MOOT**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 2, 1996, Bobbie London, Jr. ("Petitioner") pled guilty to counts one through five of a superseding indictment charging him with various drug offenses. Rec. Doc. 37. On October 9, 1996, Judge A.J. McNamara sentenced Petitioner to a term of imprisonment of 327 months on each count, to be served

1

concurrently. Rec. Doc. 64. Petitioner's sentencing took place before the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), when the United States Sentencing Guidelines were still mandatory. He was subject to an enhancement under Guidelines §§ 4B1.1 and 4B1.2 because he was considered a career offender. Rec. Doc. 98 at 1. Specifically, the Court determined that Petitioner's instant offense qualified as a "controlled substance offense" and that he had at least two qualifying prior convictions to support the enhancement. *Id.* at 1-2. Petitioner's previous conviction for illegal discharge of a firearm in violation of Louisiana law constituted a "crime of violence," while his previous conviction for distribution of cocaine constituted a "controlled substance offense." *Id.* at 3; *see also* Rec. Doc. 108 at 1.

On October 11, 1996, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit; the appeal was assigned case number 96-31062. Rec. Doc. 66. It was eventually dismissed as frivolous. Rec. Doc. 90; *United States v. London*, 163 F.3d 1355 (5th Cir. 1998).

On June 26, 2015, the United States Supreme Court held in *Johnson v. United States* that the "residual clause" of the Armed Career Criminal Act of 1984 ("ACCA," 18 U.S.C. § 924(e)(2)(B)(ii)), providing that a "violent felony" includes any crime that "otherwise involves conduct that presents a serious potential risk

of physical injury to another," was unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). The rule in *Johnson* was made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Guidelines relied upon by the sentencing court in Petitioner's case contain an identical residual clause. The 1995 version, which was in effect when Petitioner was sentenced in 1996, provided that

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a <u>crime of violence</u> or a controlled substance offense.

U.S.S.G. § 4B1.1 (emphasis added). In turn, "crime of violence" was defined to include:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

U.S.S.G. § 4B1.2(1) (emphasis added).

Accordingly, on June 24, 2016, Petitioner filed the instant motion to correct his sentence under 28 U.S.C. § 2255. Rec. Doc. 98. He argued that, "because he was classified as a career offender based solely on the residual clause in § 4B1.2," his sentence was imposed in violation of the Constitution. *Id. See also* Rec. Doc.

3

108 at 1. On August 4, 2016, Petitioner's motion was held in abeyance pending the Supreme Court's decision in *Beckles v. United States*. Rec. Doc. 102.

On March 6, 2017, the *Beckles* Court held that the <u>advisory</u> Guidelines are not subject to vagueness challenges.[1] 137 S. Ct. 890 (2017). It reasoned that, "[u]nlike the ACCA . . . the <u>advisory</u> Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892 (emphasis added). The Court further noted that the advisory guidelines do not implicate the two "concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894.[2] In other words, because the Court rendered the Guidelines "effectively advisory" in *Booker*, "the Guidelines are not amenable to a vagueness challenge." *Id.* at 894. In her concurring opinion, Justice Sotomayor made the following observation:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*]—that is, during the period in which the Guidelines *did* "fix the permissible range of sentences," *ante*, at 892—may mount

---

[1] The Court considered the 2006 version of the Guidelines, which are identical to the 1996 version at issue, save for the fact that the subsequent version refers to § 4B1.2(a)(2), rather than 4B1.2(1)(ii).

[2] As to notice, "even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence." 137 S. Ct. at 894 (citations omitted). As to enforcement, the advisory Guidelines "do not regulate the public"; instead, they are relied on "merely for advice . . . ." *Id.* at 895.

4

vagueness attacks on their sentences. <u>That question is not presented by this case and I, like the majority, take no position on its appropriate resolution</u>.

*Id.* at 903 n.4 (emphasis added).

Petitioner was given until May 15, 2017 to file supplemental briefing regarding *Beckles*. Rec. Doc. 107. A memorandum was timely filed (Rec. Doc. 108); the Government filed a response memorandum on June 14, 2017 (Rec. Doc. 114) and Petitioner filed a reply memorandum on July 14, 2017 (Rec. Doc. 115).

## II. THE PARTIES' CONTENTIONS

Petitioner argues that the *Beckles* holding did not exempt the mandatory Guidelines from vagueness challenges. Rec. Doc. 108 at 2. He insists that the residual clause of § 4B1.2 is unconstitutionally vague, his prior conviction for illegal use of a firearm does not qualify as a crime of violence without the residual clause, and therefore that he should not have been subject to an enhancement under §§ 4B1.1 and 4B1.2. *Id.*

The Government responds that "[n]either the Supreme Court nor the Fifth Circuit has decided whether *Johnson* applies to sentences that were enhanced under the residual clause in § 4B1.2 when the Guidelines were mandatory" and therefore that his petition is untimely under 28 U.S.C. § 2255(f). Rec. Doc. 114 at 3.[3]

---

[3] The parties also presented various other arguments. However, considering the Court's conclusions on the timeliness issue, it is not necessary to address those arguments at this time.

5

## III. LAW AND ANALYSIS

Pursuant to § 2255(f), Petitioner's motion is subject to a one-year statute of limitation that runs from the latest of

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner claims that his motion was timely filed under subsection (3), "because he filed it within one year of *Johnson*—a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" Rec. Doc. 108 at 3, 17.

The Government responds that *Johnson* announced a new constitutional rule made retroactive by the Supreme Court in *Welch*, but that, "as the Fifth Circuit recognized in a pre-*Beckles* case, the rule announced in *Johnson* did not address the residual clause in § 4B1.2." Rec. Doc. 114 at 4 (citing *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016)).

In *Arnick*, the Fifth Circuit explained that

6

> *Johnson* did not address Section 4B1.2(a)(2) of the Guidelines. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increase a statutory penalty . . . . Further, even if *Johnson* does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review.

826 F.3d at 788.

The Government also cites to several post-*Beckles* cases in which district courts "concluded that . . . *Johnson* was limited to the ACCA" and that "pre-*Booker* defendants who raised claims based on *Johnson*'s applicability to the Guidelines failed to demonstrate timeliness under § 2255(f)(3)." *Id.* (citing *United States v. Walker*, No. 09-825, 2017 WL 2225123, at *1 (D.S.C. May 22, 2017); *Hodges v. United States*, No. 16-1521, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017); *United States v. Russo*, No. 03-413, 2017 WL 1533380, at *4 (D. Neb. Apr. 27, 2017)).[4]

In his reply memorandum, Petitioner argues that he is relying on the rule in *Johnson*, not some extension of *Johnson*. Rec. Doc. 115 at 1-2. He attempts to distinguish *Arnick* by noting that it concerned a <u>successive</u> § 2255 motion. *Id.* at 3. He argues that the distinction is significant because "while both initial and success[ive] petitions require a right newly-recognized by the Supreme Court, only *successive* petitions must meet an additional

---

[4] Only the last case cited by the Government, *Russo*, involved a petitioner sentenced under the <u>mandatory</u> Guidelines in effect before *Booker*.

7

requirement—that that right have been 'made' retroactive on collateral review '*by the Supreme Court*.'" *Id.* at 4 (citing 28 U.S.C. § 2255(h)(2)).

*Johnson* and *Welch* established that a prisoner may collaterally attack his or her sentence if it was imposed pursuant to the unconstitutionally vague residual clause of § 924(e)(2)(B) of the ACCA. They "did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." *Russo*, 2017 WL 1533380, at *3. The Fifth Circuit explicitly stated that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *Arnick*, 826 F.3d at 788. Contrary to Petitioner's assertion that "*Beckles* confirms that *Johnson* applies to the mandatory Guidelines' residual clause" (Rec. Doc. 115 at 3), the Supreme Court in *Beckles* essentially avoided the issue by holding only that the advisory Guidelines are not subject to vagueness challenges. As recently as June 15, 2017, the Fifth Circuit confirmed that the *Beckles* "Court declined to extend *Johnson* to guidelines determinations and instead held, 'Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness.'" *United States v. Romero-Borego*, No. 16-41438, 2017 WL 2608715, at *1 (5th Cir. June 15, 2017) (quoting *Beckles*, 137 S. Ct. at 897).

Petitioner asks this Court to extend *Johnson*. However, § 2255(f)(3) requires a right "<u>newly recognized by the Supreme Court</u>," <u>not this Court</u>. *Russo*, 2017 WL 1533380, at *3 (quoting *United States v. Mason*, No. 10-80, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) (refusing to extend *Johnson* to the Guidelines)) (citing *United States v. Kenney*, No. 92-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016)).

Petitioner's argument that *Arnick* is distinguishable, simply because it considered a successive petition and § 2255(h) requires that such petitions be based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," is unavailing. First, the Fifth Circuit in *Arnick* merely noted that, "even if" *Johnson* did implicate the Guidelines, the Supreme Court had not addressed whether or not the rule applied retroactively. 826 F.3d at 788. This statement does not change the fact that it first found that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *Id.* If *Johnson* did not address the Guidelines, then it could not have announced a new right regarding the Guidelines. Second, in the instant case, the inquiry into whether a "right has been newly recognized by the Supreme Court" under § 2255(f)(3) and the inquiry into whether a successive petition contains "a new rule of constitutional law" under § 2255(h)(2) are not meaningfully different. *See, e.g., Russo*, 2017 WL 1533380, at *4 (citing *Donnell v. United States*, 826 F.3d 1014,

9

1016-17 (8th Cir. 2016); *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016)).

There is no right "newly recognized by the Supreme Court" that entitles Petitioner to relief. Therefore, Petitioner cannot rely on § 2255(f)(3) to file the instant motion.

New Orleans, Louisiana, this 8th day of August, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE